HELENE N. WHITE, Circuit Judge
(dissenting).
Because I conclude that the government has not shown by clear and convincing evidence that Boar’s conviction was vacated solely for rehabilitative or immigration-related purposes, I respectfully dissent.
Under Pickering, Boar’s vacated conviction “remains valid for immigration purposes only if it was vacated solely for rehabilitative reasons” or reasons related to her immigration status. Pickering v. Gonzales, 465 F.3d 263, 270 (6th Cir.2006) (emphasis in original). The relevant inquiry centers on the basis on which vacatur is granted, not the reasons for which it is sought. Thus, the “motive of the Petitioner in seeking to have [her] conviction quashed is of limited relevance....” Id. at 267. In Pickering, the petitioner indicated that he sought to quash his drug conviction solely for immigration-related purposes, but cited the Canadian Charter of Rights and Freedoms as the legal basis for the request. In re Pickering, 23 I. & N. Dec. 621, 625 (BIA 2003). The Canadian court quashed his conviction without referencing any legal authority or providing its rationale. Yet we reversed the BIA and granted Pickering’s petition, holding that the government could not show by clear and convincing evidence that the court vacated Pickering’s conviction solely to avoid immigration consequences. Pickering, 465 F.3d at 270.
Here, the circumstances belie the suggestion that the order permitting Boar to withdraw her guilty plea was entered for rehabilitative purposes because at the time the court permitted Boar to withdraw her plea, the charge against Boar had already been dismissed for rehabilitative purposes *621 under the HYTA, based upon Boar’s lack of further criminal activity and successful completion of HYTA conditions.
This still leaves the possibility that the order was entered solely for reasons related to Boar’s immigration status. However, there is nothing in the record to indicate that the order permitting Boar to withdraw her guilty plea — which incorporated Boar’s motion made pursuant to Mich. Ct. R. § 6.500 et seq.,[1] as well as the new plea agreement with the prosecutor— was entered for immigration purposes. We can speculate that it was, but in the absence of any indication that the grounds for the order were solely immigration-related — in either Boar’s motion, the transcript of the hearing, or the order granting her motion to withdraw her guilty plea— we cannot presume that the court acted solely to enable Boar to avoid adverse immigration consequences. Pickering, 465 F.3d at 269 n. 4. The contrary speculation by Boar’s counsel — that the new plea agreement had as much to do with Boar’s original counsel’s ineffective assistance in permitting her to unnecessarily plead to a felony — is equally plausible on this record.
The government carries a heavy burden when it seeks to deport a resident alien. Pickering, 465 F.3d at 268. Because I conclude that it has not met that burden by clear and convincing evidence, I would reverse the decision of the BIA and grant Boar’s petition.

. Boar’s citation to Mich. Ct. R. § 6.500 et seq., which permits relief from a judgment of conviction on substantive grounds, distinguishes this case from Sanusi v. Gonzales, 474 F.3d 341 (6th Cir.2007), where the petitioner did not raise any colorable legal basis for the vacation of his conviction, instead asserting only his ignorance of immigration law at the time he entered his plea and asking for mercy from the harsh immigration consequences of his conviction. Sanusi, 474 F.3d at 347.